# UNITED STATES DISTRICT COURT
## District of Kansas
### (Topeka Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                          CASE NO.: 24-40072-TC

**LESTER RANDALL,**

      **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1

**SEXUAL EXPLOITATION OF A MINOR – PRODUCTION OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2251(a)]**

Between on or about the 20th day of February, 2020, and on or about the 20th day of February, 2022, in the District of Kansas, the defendant,

**LESTER RANDALL,**

did employ, use, persuade, induce, entice and coerce V1, a minor whose identity is

1

known to the grand jury, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct and the defendant knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18 United States Code, Section 2251(e).

## COUNT 2

**SEXUAL EXPLOITATION OF A MINOR – PRODUCTION OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2251(a)]**

Between on or about the 20th day of February, 2020, and on or about the 20th day of February, 2022, in the District of Kansas, the defendant,

**LESTER RANDALL**,

did employ, use, persuade, induce, entice and coerce V1, a minor whose identity is known to the grand jury, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct and the defendant knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and

transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18 United States Code, Section 2251(e).

## COUNT 3

### SEXUAL EXPLOITATION OF A MINOR – PRODUCTION OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2251(a)]

On or about the 18th day of January, 2022, in the District of Kansas, the defendant,

**LESTER RANDALL**,

did attempt to employ, use, persuade, induce, entice and coerce V1, a minor whose identity is known to the grand jury, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct and the defendant knew and had reason to know that the visual depiction was produced and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer.

In violation of Title 18, United States Code, Section 2251(a) with reference to

Title 18 United States Code, Section 2251(e) and Title 18 United States Code, Section 2.

## COUNT 4

### SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2252(a)(2)(A) and (B)]

On or about the 23rd day of January, 2022, in the District of Kansas, the defendant,

**LESTER RANDALL,**

did knowingly receive one (1) or more visual depictions of V1, a minor whose identity is known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 5

### SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2252(a)(2)(A) and (B)]

On or about the 5th day of February, 2022, in the District of Kansas, the defendant,

**LESTER RANDALL,**

did knowingly receive one (1) or more visual depictions of V1, a minor whose identity is

known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 6

### ENTICEMENT FOR PROSTITUTION
### [18 U.S.C. § 2422(a)]

Between on or about the 30th day of June, 2022, and the 1st day of July, 2022, the in the District of Kansas, the defendant,

**LESTER RANDALL,**

knowingly persuaded, induced, and enticed an individual, V1, whose identity is known to the grand jury, to travel in interstate commerce to engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(a).

**A TRUE BILL.**

December 4, 2024                                              s/Foreperson
DATE                                                    FOREPERSON OF THE GRAND JURY


KATE E. BRUBACHER
UNITED STATES ATTORNEY
District of Kansas

By: /s/ *Jared S. Maag*
    JARED S. MAAG
    Assistant United States Attorney
    District of Kansas
    444 Quincy St., Suite 290
    Topeka, Kansas 66683
    Ph: (785) 295-2850
    Fax: (785) 295-2853
    Email: jared.maag@usdoj.gov
    Ks. S. Ct. No. 17222

    and

/s/ *Sara L. Walton*
    Sara L. Walton
    Assistant United States Attorney
    District of Kansas
    444 Quincy St., Suite 290
    Topeka, Kansas 66683
    Ph: (785) 295-2850
    Fax: (785) 295-2853
    Email: sara.walton@usdoj.gov
    Ks. S. Ct. No. 24106

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

**Counts 1-3: 18 U.S.C. § 2251(a):**

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed thirty (30) years. 18 U.S.C. § 2252(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than twenty-five (25) years and not to exceed fifty (50) years. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 4 and 5: 18 U.S.C. § 2252(a)(2)(A) and (B):**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 6: 18 U.S.C. § 2422(a):**

- Punishable by a term of imprisonment not to exceed twenty (20) years. 18 U.S.C. § 2422(a).

- A term of supervised release not to exceed three (3) years. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2429.

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.